IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br><br>BFW LIQUIDATION, LLC f/k/a<br>BRUNO'S SUPERMARKETS, LLC<br><br>            Debtor.<br><br>WILLIAM S. KAYE, as Liquidating<br>Trustee of BFW Liquidation, LLC<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN FLAKE SNACK FOODS, INC.,<br><br>Defendant. | Case No. 09-00634-BGC-11<br>Chapter 11<br><br><br><br><br><br><br>AP Case No. 11-00018-BGC |

### DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12 (b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED WITH RESPECT TO PLAINTIFF'S AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS COMPLAINT

**NOW COMES** Golden Flake Snack Foods ("Defendant") and pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure moves this Court (the "Motion") to dismiss Plaintiff's *Complaint for the Avoidance and Recovery of Preferential Transfers* (the "Complaint") for failure to state a claim upon which relief can be granted. In support of this Motion, Defendant states as follows:

## INTRODUCTION

1. On the February 5, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court.

2. The Plaintiff asserts claims of avoidance and recovery of preferential transfers against Defendant in connection with Debtor's chapter 11 bankruptcy which was filed on February 5, 2009 (the "Petition Date"). By order of this Court, the Plaintiff was appointed trustee of the Debtor's liquidation plan on October 6, 2009.

3. On January 25, 2011 the Plaintiff filed a *Complaint for the Avoidance and Recovery of Preferential Transfers*. The Complaint failed to allege any claims against Defendant upon which relief may be granted and the allegations set forth in the Complaint do not give rise to actionable claims.

## RELIEF REQUESTED

4. By this Motion, Defendant seeks an order of the Court dismissing the Plaintiff's Complaint pursuant to the Federal Rules of Civil Procedure Rule 12 (b)(6).

## BASIS FOR RELIEF

**Standard for the Dismissal of a Complaint**

5. To survive a motion to dismiss, a pleading must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2). As recently explained by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*") and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ("*Iqbal*"), a pleading must be dismissed unless it alleges "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570); see also *Guirguis v. Movers Specialty Services, Inc.*, 346 Fed. Appx. 774 (3d Cir. Pa. 2009) ("[T]he

pleading's factual content must independently 'permit the court to infer more than the mere possibility of misconduct.'") (citing *Iqbal*, 129 S.Ct. at 1950); *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d. Cir. 1997) ("A court need not credit" a pleading's "bald assertions" or "legal conclusions" when deciding a motion to dismiss). It is no longer enough to make conclusory accusations of wrongdoing, or simply to recite the legal elements of a claim; rather, the "[f]actual allegations must raise a right to relief above the speculative level…" *Twombly*, 550 U.S. at 555. In the wake of *Twombly*, a plaintiff must now nudge its claims "across the line from conceivable to plausible" to avoid dismissal thereof. *Twombly*, 550 U.S. at 571; *see also Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008) (noting the *Twombly* plausibility standard).

6.  Under the *Twombly-Iqbal* standard, the adjudication of a motion to dismiss is a two-step analysis. First, the court must identify the complaint's conclusory allegations, which are not entitled to a presumption of truth. *Iqbal*, 129 S.Ct. at 1949-50. Conclusory allegations and "bare assertions" that formulaically recite the elements of a claim are "not entitled to be assumed true." *Id* at 1951. Second, the court must consider whether the remaining non-conclusory allegations create a "reasonable inference" that the defendant is liable for the alleged conduct. *Ibqal*, 129 S.Ct. at 1949. The plausibility determination requires the court, drawing on its "judicial experience and common sense," to determine whether the alleged factual allegations nudge the complaint "across the line from conceivable to plausible." *Ibqual,* 129 S.Ct. at 1950-51 (quoting *Twombly*, 550 U.S. at 570). Allegations that are "merely consistent with a defendant's liability," or that raise a "sheer possibility that a defendant has acted unlawfully," are no longer sufficient. *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 557); *see also Solomon v. Bristol Myers Squibb Co.*, No. 07-1102-FLW (D.N.J. Dec. 30, 2009) ("Ultimately, a 'complaint must do

3

more than allege the plaintiff's entitlement for relief. A complaint has to 'show' such an entitlement with its fact.") (quoting *Fowler v. UP-MC Shadyside*, 578 F.3d 203, 211 (3d Cir. Pa. 2009)).

7. The Eleventh Circuit recently applied *Twombly-Iqbal* and held that "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca Cola Co.*, 578 F.3d 1252 (11th Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1950) ("only a complaint that states a plausible claim for relief survives a motion to dismiss.") The circuit court noted that in *Iqbal*, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Sinaltrainal*, 578 F.3d 1252 (quoting *Ibqal* at 1949).

**Preference Actions**

8. While the *Iqbal* decision confirmed that the *Twombly* ruling applied to all federal pleadings, Bankruptcy judges, even before the *Twombly* and *Iqbal* decisions, have required more rigorous pleading standards for preference claims. For example, in *Valley Media Inc. v. Borders Inc. (In re Valley Media Inc.)*, 288 B.R. 189 (Bankr. D. Del. 2003), Judge Peter Walsh held that the plaintiff was required to assert specific facts relating to the preference claim, including the debt in respect to which the transfer was made and the nature of the transfer. Such a complaint, Judge Walsh asserted should contain, "an identification of the nature and amount of each antecedent debt," and "an identification of each alleged preferential transfer by (i) date, (ii) name of the debtor/transferor, (iii) name of the transferee, and (iv) the amount of such transfer." *Valley Media*, 288 B.R. at 192; *see also TWA Inc. Post Confirmation Estate v. Marsh USA Inc. (In re TWA Inc. Post Confirmation Estate)*, 305 B.R. 228 (Bankr. D. Del. 2004)) (where the factual

allegations in a preference complaint did not include detail as to the relationship between the debtor and the defendant, did not include a description regarding the nature of the underlying debt or any other facts relating to the transaction, and only included an aggregated payment amount, and paraphrased the relevant statutory language, it was deemed flawed and dismissed). The *Valley Media* standards outlined by the District of Delaware are consistent with the refined pleading standards set forth in *Twombly* and *Iqbal*.

9. Since the *Twombly* and *Iqbal* rulings, Bankruptcy Courts in other jurisdictions have applied a more rigorous pleading standard when it comes to preference claims. *See Feltman v. KeyBank (In re Levitt and Sons, LLC)*, AP No. 09-2273-BKC-RBR-A (Bankr. S.D. Fla. Apr. 16, 2010) (where a preference complaint did not specify the total loan amounts, or the nature of the underlying obligations, or the parties involved in the transaction, the court dismissed noting that the recent Supreme Court decisions "altered the standards courts should employ when reviewing the adequacy of complaints…"); *see also Angell v. Burrell (In re Caremerica Inc.)*, AP No. 08-00173-8-JRL (Bankr. E.D.N.C. July 28, 2009) (dismissing complaint as it lacks information regarding dates, amounts, and the number of transfers); *see also Official Committee of Unsecured Creditors of Hydrogen LLC v. Blomen, et al. (In re Hydrogen LLC)*, 43 B.R. 337 (Bankr. S.D.N.Y. 2010) (preference claim dismissed where it contained no relevant detail about the date, the amount, the antecedent debt, or the title of the transfer noting that "With respect to the preference claims… the amended Complaint contain[ed] so few relevant facts that it amount[ed] merely to a 'formulaic recitation of the elements.'") (internal citation omitted).

10. Courts in other jurisdictions have applied the *Twombly* and *Iqbal* standard in bankruptcy cases, although, not involving a preference claim. *See Mukamal v. Bakes*, 378 Fed. Appx. 890 (11th Cir. Fla. 2010) (court applied *Twombly-Iqbal* to breach-of-fiduciary-duty

5

Case 11-00018-TOM   Doc 9   Filed 03/09/11   Entered 03/09/11 17:46:44   Desc Main
Document      Page 5 of 10

complaint and found that the complaint failed to meet the pleading requirements) *see also Moser v. Dadyburjor (In re Sigma Systems, Inc.)*, AP No. 09-4126 (Bankr. E.D. Tex. May 10, 2010) (complaint failed to meet the *Twombly-Iqbal* standards in the context of a fraudulent transfer and R.I.C.O. suit) *see also Luster v. Greenhill Capital Partners II LLP (In re CLK Energy Partners LLC)*, AP No. 09-50616 (Bankr. W.D. La. May 12, 2010) (court found trustee failed to articulate the applicable non-bankruptcy law on which the § 544 (b) complaint was grounded and dismissed as defectively pled).

**The Complaint Fails to State a Plausible Claim**

11. In contravention of *Twombly* and *Iqbal* the Complaint is nothing more than an assortment of legal conclusions and implausible factual assertions. Plaintiff's conclusory allegations raise a host of questions, including:

 i. Which of Debtor's records reflect the alleged transfers to Defendant? There are no exhibits or further explanation, despite the fact that the information was reasonably within the Plaintiff's control.

 ii. In what medium were the payments made? The allegations suggest that the transfer was made by cash, OR check, OR credits, OR wire transfers and does not provide any specifics.

 iii. On what date did these alleged transfers occur? It is paramount to this cause of action that the transfer occurred within the ninety (90) days preceding the Debtor's bankruptcy filing. Here, the Plaintiff merely provides a "formulaic recitation of the elements of a cause of action" which the Supreme Court has held "will not do." *Twombly*, 550 U.S. at 554-555.

 iv. How many transfers were made to total the $316,527.57 figure the Plaintiff provides? No individual transfers are identified and other courts have dismissed preference complaints for lacking such. *See In re Valley Media Inc.*, 288 B.R. 189 (Bankr. D. Del. 2003); *see also In re Levitt and Sons LLC*, AP No. 09-2273-BKC-RBR-A (Bankr. S.D. Fla. 2010); *see also In re Hydrogen LLC*, 43 B.R. 337 (Bankr. S.D.N.Y. 2010).

 v. Who was involved in the transfers upon which the Complaint is based? No facts are alleged as to the involvement of any person involved other than the Defendant corporation. Other courts have dismissed cases for failure to

6

include the identity of the various transferors allegedly involved in the transaction. *See In re Levitt and Sons LLC*, AP No. 09-2273-BKC-RBR-A (Bankr. S.D. Fla. 2010).

vi. What was the nature of the antecedent debt for which the Plaintiff alleges the transfers were made? Courts in other jurisdictions have dismissed cases for failure to provide information about the specific and identifiable antecedent debts owed by the Debtor at the time of the transfer. *See In re Hydrogen LLC*, 43 B.R. 337 (Bankr. S.D.N.Y. 2009).

12. Under the first prong of the *Twombly* analysis, conclusory allegations must be identified as they are not entitled to the presumption of truth. Therefore, the following conclusory assertions (among others) should not be taken as true:

i. "The Debtor's records reflect that the Defendant received payments from the Debtor in the form of cash, cashier's check, credits, or wire transfer within the ninety days immediately preceding the Petition Date in the aggregate amount of $316,527.57 (together with any additional payments that were made by the Debtor to the Defendant within the ninety days immediately preceding the Petition Date, the "Transfers")." (Complaint P. 7.) As stated above, allegations that are "merely consistent with a defendant's liability," or that raise a "sheer possibility that a defendant has acted unlawfully," are no longer sufficient. *Twombly*, 550 U.S. at 557. *See also Solomon v. Bristol Myers Squibb Co.*, No. 07-1102-FLW (D.N.J. Dec. 30, 2009) ("Ultimately a complaint must do more than allege the plaintiff's entitlement for relief. A complaint has to *show* such an entitlement with its fact.") (emphasis added) (internal citations omitted).

ii. "The Transfers constitute avoidable preferential transfers pursuant to 11 U.S.C. § 547." (Complaint P. 10.) "A court need not credit" a pleading's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion School Dist.*, 132 F.3d at 906.

iii. "The Transfers were to or for the benefit of the Defendant." (Complaint P. 11.) It is no longer enough to make conclusory accusations of wrongdoing, or simply recite the legal elements of a claim; rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level…" *Twombly*, at 550 U.S. at 555.

iv. "The Transfers were made for or on account of an antecedent debt or debts owed by the Debtor to the Defendant before the Transfers were made." (Complaint P. 12.) As the Supreme Court stated, "a mere recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 554-555.

7

v. "The Transfers were made while the Debtor was insolvent." (Complaint P. 13.) The Plaintiff relies on § 547(f) of the Bankruptcy Code which affords a presumption of insolvency on all transfers occurring more than ninety (90) days prior to the Petition Date. However, the Plaintiff does not provide any dates of the alleged transfers to support this presumption. Thus, unless the Plaintiff adequately pleads the insolvency of the Debtor, the transfers cannot be presumed avoidable as a preference under § 547 (b).

vi. "The Transfers were made within the ninety days preceding the Petition Date." (Complaint P. 14.) Again, the Plaintiff provides nothing to support this bare assertion and it cannot be presumed true under the *Twombly* standard.

vii. "The Transfers enabled the Defendant to receive more than it would have received if: (i) this case were a case under chapter 7...; (ii) if the Transfers had not been made; and (iii) if the Defendant received payment on the subject antecedent debt(s) in accordance with applicable provisions of the Bankruptcy Code." (Complaint P. 15.) Again, "a mere recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 554-555. There are no additional facts in the pleading to support this conclusion.

viii. "Based on the foregoing, the Transfers constitute avoidable preferential transfers pursuant to 11 U.S.C. § 547 and, in accordance with 11 U.S.C. § 550, the Trustee may recover from Defendant the amount of the Transfers, plus interest." (Complaint P. 16.) Again, this is another conclusory allegation which should not be afforded the presumption of truth.

13. Using the second prong of the *Twombly-Ibqal* analysis, once the conclusory allegations that are not entitled to a presumption of truth are stripped from the Complaint, the court must look to see whether the remaining non-conclusory allegations create a "reasonable inference" that the defendant is liable for the alleged conduct. *Ibqal*, 129 S.Ct. at 1949. If the above listed conclusory allegations are removed from the Complaint, the following assertions remain:

i. "On February 5, 2009 (the "Petition Date") the Debtor filed its voluntary petition for relief under Chapter 11…" (Complaint P. 1.)

ii. "On September 25, 2009, the Debtor's Fourth Amended Chapter 11 Plan of Liquidation (the "Plan") was confirmed…" (Complaint P. 2.)

iii. "The Court has jurisdiction over this adversary proceeding…" (Complaint P. 3.)

8

iv. "Venue is proper…" (Complaint P. 4.)

v. "This adversary proceeding is a core proceeding…" (Complaint P. 5.)

vi. "Golden Flake Snack Foods, Inc., ("Defendant") is a Delaware corporation. It can be served by U.S. Mail pursuant to Fed. R. Bank. P. 7004 via its registered agent, George Owens, at 1 Golden Flake Drive, Birmingham, Alabama 35205." (Complaint P. 6.)

vii. "The Defendant filed proof of claim no. 493 in the Bruno's case in the amount of $124,944.40 (the "Claim")." (Complaint P. 8.)

The above paragraphs in the Complaint do not assert a claim upon which relief can be granted and should be dismissed pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. The allegations asserted against Defendant do not come close to the rigorous pleading standard established by the Supreme Court. The complaint fails to "do more than allege the plaintiff's entitlement for relief." And it fails to "show such an entitlement with its facts." *Fowler v. UP-MC Shadyside*, 578 F.3d at 211. This, the Plaintiff has not done. For the reasons stated above, the Defendant respectfully requests the Motion to Dismiss be granted.

**WHEREFORE,** Defendant requests this Court grant the Motion and such further relief as it deems just and proper.

Respectfully submitted this the 9th day of March, 2011.

                                                       */s/ Walter F. McArdle*
                                                      Walter F. McArdle
                                                      Attorney for Defendant
                                                     GOLDEN FLAKE SNACK FOODS, LLC

**OF COUNSEL:**
SPAIN & GILLON, LLC
2117 2nd Avenue North

Birmingham, Alabama 35203
Telephone: (205) 328-4100
Facsimile: (205) 324-8866

## CERTIFICATE OF SERVICE

    I hereby certify that this document was served via electronic filing through the court on this the __8th__ day of March, 2011.

John D. Elrod, Esq.
GREENBERG TRAURIG, LLP
3290 Northside Parkway N.W.
Ste. 400
Altanta,GA 30327

                                            _s/Walter F. McArdle_
                                            OF COUNSEL

10

Case 11-00018-TOM    Doc 9    Filed 03/09/11    Entered 03/09/11 17:46:44    Desc Main
Document      Page 10 of 10