**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**


In re:                                              )
                                                    )
BFW Liquidation, LLC                                )
dba Bruno's                                         )
dba Food World                                      )     Case No. 09-00634-BGC-11
dba FoodMax                                         )
fka Bruno's Supermarkets, LLC,                      )
                                                    )
        Debtor.                                     )


William S. Kaye, Liquidating Trustee,               )
                                                    )
              Plaintiff,                             )
                                                    )
vs.                                                 )     A. P. No.: 11-00018
                                                    )
Golden Flake Snack Foods, Inc.,                     )
                                                    )
              Defendant.                             )

**MEMORANDUM OPINION**

### I. Background

        This bankruptcy case was filed on February 5, 2009. Pursuant to section 546(a) of the Bankruptcy Code, 11 U.S.C. § 546(a), the two-year statute of limitations deadline for filing preference action complaints was February 5, 2011.[1] The Plaintiff filed the pending complaint, and about 122 others, timely on January 25, February 1, February 2, February 3, or February 4, 2011. He did not, however, pay any of the fees required for filing those complaints until March 24, 2011, a date after the statute would have run.

### II. The Issue

        The issue is this: Were these complaints "filed" for statute of limitations purposes even though the required filing fees were not paid until after the date on which the statute would have run?

-------------------

[1] February 5, 2011, was a Saturday.

### III. Matters Before the Court
### and the Parties' Contentions

The matters before the Court and the parties' contentions are these:

1.  <u>Golden Flake Snack Food, Inc.'s Amendment to Its Motion to Dismiss</u>, A.P. Docket No. 16 filed at 4:48 p.m. on April 5, 2011. In this amendment to its initial motion to dismiss, Golden Flake contends that the Plaintiff's complaint was not "filed" for statute of limitations purposes because the required filing fee was not paid at the time the complaint was filed, and therefore, the complaint should be dismissed;[2]

2.  The <u>Liquidating Trustee's Response in Opposition to Defendant's Amendment to Motion to Dismiss Complaint</u>, A.P. Docket No. 23, at 8:25 p.m. on April 14, 2011. In this response, the Plaintiff contends that the statute of limitations was tolled even if the required filing fee was not paid. In the alternative, the Plaintiff contends that if, for statute of limitations purposes, the fee was required at filing, as a "trustee" he should be afforded the same exceptions case trustees enjoy in either not paying, or delay in paying, filing fees;[3]

3.  Golden Flake's <u>Supplement to Amendment to Motion to Dismiss</u>, A.P. Docket No. 22, filed at 4:44 p.m. on April 14, 2011.  In this reply, Golden Flake contends that the Plaintiff is not a "trustee" for purposes of any filing fee exception.

In addition, while technically not a matter before the Court, <u>United Refrigeration, Inc.'s Memorandum of Law in Support of Golden Flake Snack Foods, Inc.'s Motion to Dismiss Trustee's Complaint for the Avoidance and Recovery of Preferential Transfers of Property Pursuant to 11 U.S.C.  §§ 547 and 550</u>, Docket No. 24, filed at 8:27 p.m. on April 14, 2011, is an integral part of the matters that are pending.  United Refrigeration is a defendant in <u>William S. Kaye, Liquidating Trustee vs. United Refrigeration, Inc.</u>, Adversary Proceeding No. 11-00061, a separate, but for purposes of the instant matter, a legally identical proceeding.

---

[2] Golden Flake filed its initial <u>Motion to Dismiss Adversary Proceeding</u>, A.P. Docket No. 9, on March 9, 2011.  It did not raise the instant issue in that pleading, but did raise, as did some of the defendants in some of the 122 related complaints, more traditional Rule 12(b)(6) issues. Those issue will be heard later.

[3]Generally, a bankruptcy case trustee is not required to pay an adversary filing fee until there are funds available in a case.

2

A hearing was held on April 21, 2011. Counsel for Golden Flake, the Liquidating Trustee, and United Refrigeration argued, as did counsel for some of the other 122 similarly situated defendants.[4] Of those counsel for the other defendants who did argue before the Court, all spoke in favor of Golden Flake's position that a complaint is not filed for statute of limitations purposes when the required filing fee does not accompany the complaint.[5]

## IV. The Parties' Arguments

### A. The Movant-Defendant Golden Flake

Defendant Golden Flake makes three arguments.

One, Golden Flake argues that the Plaintiff was required to pay the filing fee at the time the complaint was filed. Golden Flake concludes that because the Plaintiff did not pay the fee until after the date on which the statue of limitations would have run, the statute in fact ran rendering the complaint untimely. Golden Flake asks the Court to dismiss the complaint for this reason.

Two, Golden Flake argues that even if the Plaintiff was not required to pay the filing fee at the time the complaint was filed, the fee must have been paid within a "reasonable" time in order for the statute of limitations to be tolled. Golden Flake concludes that the Plaintiff's delay in paying the fee rendered any tolling ineffective. It asks the Court to dismissed the complaint for this reason also.

Three, Golden Flake argues that the cases relied on by the Plaintiff, principally Rodgers on Behalf of Jones v. Bowen, 790 F.2d 1550 (11th Cir. 1986), are distinguishable from the instant matter and therefore are not controlling. United Refrigeration's memorandum in support of Golden Flake takes the lead in this argument.

### B. The Plaintiff Trustee

The Plaintiff argues that the statute of limitations was tolled when the complaint was filed regardless of whether he paid the filing fee. As stated above, he relies primarily on Rodgers on Behalf of Jones v. Bowen, 790 F.2d 1550 (11th Cir. 1986).

---

[4] All similarly situated defendants were given notice of this hearing. Many appeared through counsel. Some appeared pro se.

[5] At least two similarly situated defendants filed formal joinders with Golden Flake's motion regarding the statute of limitations issue. Those were Calderon Textiles, LLC f/k/a Calderon Textiles, Inc., Adversary Proceeding No. 11-15 and Coca-Cola Bottling Company United, Inc., Adversary Proceeding No. AP 11-132.

3

In the alternative, as mentioned above, the Plaintiff argues that if the statute of limitations was not tolled at filing, then he was either not required to pay the fee at all or could delay payment. He argues that as a liquidating trustee he is entitled to the same fee payment exemptions as a case trustee.[6]

---

[6] Golden Flake and many of the other defendants strongly disagree. This Court agrees with them and so "ruled" in another context. On February 10, 2011, at a hearing on other BFW matters, the issue of whether the Plaintiff was required to pay the filing fee came before the Court informally. As explained below, at that time the Court "held" that the liquidating trustee was required to pay the filing fee. The Court suggested that if there was an exemption the Court was not aware of, it would consider any the Plaintiff wanted to present. The Court stated further that if the fee was not paid, it was likely that the proceedings could be dismissed, but that would not occur without a hearing. An unofficial transcript of that portion of the February 10, 2011, hearing includes the following:

Judge Cohen: The final question I had was – I think this question came up, and that was whether the Trustee had to pay the fee on filing the adversary proceedings?

Mr. Elrod: Yes Your Honor. When we logged in to file my agenda last night for the hearing today, I noticed it said I owed the Clerk's office $30,000. And that may be the case.

Judge Cohen: Well, we've done some research on it. My opinion is that you do have to pay the fee.

Mr. Elrod: Okay.

Judge Cohen: If there is something out there that you can show me that you do not, certainly I'll consider it. The difficulty in doing the research on this is, the law talks in terms of a trustee and whether they have to pay it or don't, and if they do whether they can defer it or not. But I think the trustee they are referring to is the classic example of a trustee in a chapter 7 or even a chapter 11 case, or a chapter 13 case. I don't think it refers to the type of trustee that you represent.

Mr. Elrod: Right Your Honor.

Judge Cohen: So I think y'all, I think your client is different than what we normally see in terms of an exception to paying the filing fee or even deferring it. I can't find anything that says that you or your client is exempt from paying the filing fee. But if you find something, certainly let me know and I'll take a look at it. But, given the number of APs and the amount that's owed, I think you've got to pay it.

Mr. Elrod: Okay Your Honor. I will take a look. I know my client you know obviously wants to make the Clerk's Office whole, if that amount is due and owing, but the thought behind not paying it at the time, was that we were effectively standing in the debtor's shoes by virtue of the confirmation of the plan.

Judge Cohen: Right.

Mr. Elrod: But if there's no law to support that, then we will either pay it up front or have it deferred, with leave of the Court or the Clerk's Office. I would imagine we would just go ahead and pay it up front.

4

| Judge Cohen: | Right.  I don't know if you can defer it or not.  I haven't seen anything that allows you to do that.  But take a look at it.  I mean, there have to have been quite a number of liquidating trustee cases out there and, of course, there are going to be APs in almost all of those.  If for some reason the Judiciary has treated a liquidating trustee different that what I think the law is, I'd like to know.  You know, I don't want, if you don't have to pay it, I don't want to force you to pay it.  But in the same vein, the Court system is entitled to its fees just by statute. |
|---|---|
| Mr. Elrod: | There is certainly a cost to administering those cases for the Clerk's office so we understand that and I'll take a quick look and if I see anything in the law that would support non-payment, I will let Your Honor know. |
| Judge Cohen: | Okay.  If not, I guess you need to go ahead and pay it and just let us know when you do.  I expect if you don't the Clerk's Office will do something.  I know, I know in just regular cases if the fees aren't paid they, we set them for show cause why the case shouldn't be dismissed. |
| Mr. Elrod: | I don't want that to happen, so – |
| Judge Cohen: | Even if we set it, you would get the opportunity to have a hearing before your case was dismissed. |
| Mr. Elrod: | Okay. |
| Judge Cohen: | I can assure you I won't dismiss your case without giving you a chance to be heard on it. |
| Mr. Elrod: | I appreciate that Your Honor. |
| Judge Cohen: | You're welcome. |
| Mr. Elrod: | And I will let your Chambers and the Clerk's Office know something shortly. |
| Judge Cohen: | Okay. |

Unofficial Transcript, February 10, 2011, 10:16:37 a.m. - 10:20:34 a.m.

Section 1930(b) of Title 28 provides, "The Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title."  28 U.S.C. § 1930(b).  The Judicial Conference has prescribed such fees.  Those are contained in the Bankruptcy Court Miscellaneous Fee Schedule (28 U.S.C. § 1930) which may be accessed at the Web site for the United States Courts, http://www.uscourts.gov under the "Forms and Fees" tab. The applicable part of that Fee Schedule reads, "The fees included in the Bankruptcy Court Miscellaneous Fee Schedule are to be charged for services provided by the bankruptcy courts... (6) For filing a complaint, $250, except:  If the trustee or debtor-in-possession files the complaint, the fee must be paid by the estate, to the extent there is an estate." Id. (emphasis added).  It is this Court's opinion that a "liquidating trustee" in a Chapter 11 case does not qualify for the exception provided the "trustee" referred to in the above provision.  See In re Heritage Organization, L.L.C., Adversary Proceeding No. 10-3357-BJH, 2011 WL 1793327 (Bankr. N.D. Tex. May 11, 2011) where Bankruptcy Judge Barbara J. Houser wrote:

Here, Dennis S. Faulkner was chapter 11 Trustee of the estate of Heritage. However, the Heritage Plan was confirmed and, as noted above, causes of

5

## V. Findings of Fact

### A. Background Facts

The above matters came before the Court in an unorthodox manner. Reacting to Golden Flake Snack Food, Inc.'s Amendment to Its Motion to Dismiss in which Golden Flake first raised the filing fee issue, the Court explained on the record at the hearing on April 6, 2011, that when the adversary proceeding filing fees were not paid, the undersigned, chambers staff, or members of the office of the clerk of court discussed among themselves and with Plaintiff's counsel, the administrative and ministerial question of whether the trustee-plaintiff in these proceedings was a "trustee" for purposes of relief from paying the filing fee and was therefore entitled to delay payment as would a case trustee. The issue of whether the statute of limitations was tolled did not arise at that time.

Hearing that explanation, Golden Flake's counsel suggested that a hearing would be necessary, based on his interpretation of the law, on why the Plaintiff did not pay the filing fee, and why the Plaintiff delayed paying the fee. Counsel also suggested that the judge and other court staff would need to be witnesses at such a hearing.

Because Golden Flake's motion had not been filed until late in the day on April 5, the day before the April 6 hearing, the Court had not had an opportunity to research the issue and analyze the cases cited in that motion. Therefore, relying on the defendant's interpretation of the law, the Court suggested that if Golden Flake were correct, another judge would need to hear the statute of limitations issue associated with the pending motion to dismiss.

In contrast, shortly after the April 6, 2011, hearing, the Court had the opportunity to research the law on the question of whether the failure to pay the filing fee was fatal for purposes of the statute of limitations. From that research the Court learned that the settled law in this Circuit, and apparently in the majority of circuits addressing this issue, was that the filing of a complaint tolled the statute of limitations even where a required

---

action were transferred to a trust, created under the Plan. Faulkner has filed this Complaint not in his capacity as chapter 11 Trustee of the estate, as the estate has ceased to exist post-confirmation. Rather, the Complaint is filed in his capacity as "Trustee of the Heritage Creditors Trust." Complaint, ¶ 1. Therefore, the Court believes that a filing fee was required for the filing of the Complaint;

Id. at *7.

As it turned out in the current case, it was not necessary to set the adversary proceedings for show cause why the case should not be dismissed for failure to pay the filing fees because the approximately $30,000 fee was paid on March 24. A formal ruling on this issue will be included in the Order section of this opinion.

6

filing fee was not paid until after the date on which the statute would run. In addition, from that research, the Court learned that in this Circuit when a complaint is filed before the statute runs, the statute of limitations is permanently tolled. That of course would render moot any issue of why there was a delay in paying the filing fee.

With this knowledge, the Court decided that the better way to address the pending motion was first to seek the parties' assistance in resolving the threshold issue of whether the filing fee was required before the statute of limitations was tolled. If the law in this Circuit was as clear as the Court's research suggested, not only should this portion of the motion to dismiss be denied, but also no hearing would be needed on the reason why the Plaintiff did not pay the filing fee at the time he filed the complaint.

The hearing on the threshold issue was held on April 21, 2011. This Memorandum Opinion is the result of that hearing, the parties' assistance, the record in this proceeding, the record in the main case, and the Court's review of the law in this, and other, Circuits.

## B. The Pertinent Facts

The pertinent facts are simple and not disputed. They are:

1.    The main case was filed February 5, 2009. Case Docket No. 1.

2.    The two-year statute of limitations for filing a preference complaint would have run on February 5, 2011. 11 U.S.C. § 546(a).

2.    The Plaintiff filed the pending complaint on January 25, 2011. A.P. Docket No. 1.

4.    The Plaintiff did not pay the filing fee when he filed the complaint.[7]

5.    The Plaintiff paid the filing fee on March 24, 2011.

---

[7] Conflict counsel for the Plaintiff may have filed some of the other proceedings and paid the fees in those before the statute of limitations expired.

## VI.  Conclusions of Law

### A.  Golden Flake's First Argument:

### The Statute of Limitations Was Not Tolled
### When the Plaintiff Filed His Complaint
### Without Paying the Filing Fee

Golden Flake's first argument that the statute of limitations was not tolled when the filing fee was not paid is based on the premise that there is a statute, rule, or regulation that requires a plaintiff filing an adversary proceeding complaint to pay a required fee when a complaint is filed or at least pay that fee within a certain time after the complaint is filed.  Golden Flake relies on Rule 3 of the Federal Rules of Civil Procedure, Section 506 of the Bankruptcy Code, 11 U.S.C. § 506, and Section 1914 of Title 28 of the United States Code, 28 U.S.C. § 1914 to establish the time frame that the Plaintiff allegedly missed.  Several Circuit courts have addressed this issue.  Many are discussed below beginning with the Court of Appeals for the Eleventh Circuit.

### 1.  The Eleventh Circuit

The Court of Appeals for the Eleventh Circuit answered the threshold question before this Court in Rodgers on Behalf of Jones v. Bowen, 790 F.2d 1550 (11th Cir. 1986) by stating that a complaint is "filed" for statute of limitations purposes when it is "in the actual or constructive possession of the clerk... regardless of the untimely payment of the required filing fee." Id. at 1552.

Writing for the Court, the Honorable J. Smith Henley, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation, explained:

> The Secretary argues that a complaint is not "filed" until the filing fee required by 28 U.S.C. § 1914 has been paid. We cannot agree. **This circuit and others have long recognized that local rules should not be elevated to the status of jurisdictional requirements**. See Brown v. City of Meridian, 356 F.2d 602, 606 (5th Cir.1966); Woodham v. American Cystoscope Co., 335 F.2d 551, 557 (5th Cir.1964).  See also Lyons, at 412; Loya, 721 F.2d at 280-81. **While § 1914 is not merely a local rule, we expressly rejected the theory that timely payment of a filing fee is a jurisdictional requirement in Wrenn v. American Cast Iron Pipe Co.**, 575 F.2d 544 (5th Cir.1978).  In Wrenn we noted:
>
> > The Supreme Court has held, with respect to 28 U.S.C.A. § 1917, that untimely payment of a filing fee does not vitiate the validity of a notice of appeal. **Parissi v. Telechron, Inc.**, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 46 (1955) (per curiam).

8

> We perceive no distinction between § 1917 and § 1914, which requires a filing fee for complaints, that would lead to a different conclusion here.

Id. at 547. We therefore hold that **a complaint is "filed" for statute of limitations purposes when it is "in the actual or constructive possession of the clerk**," Leggett v. Strickland, 640 F.2d 774, 776 (5th Cir.1981), **regardless of the untimely payment of the required filing fee**. See also Lyons, at 412; Loya, 721 F.2d at 281.

> Applying that principle to the present case, we find that Rodgers' action was commenced within the sixty-day limitation contained in § 405(g) by the filing of her complaint on December 21, 1984. Since Rodgers commenced her action on that date, **the sixty-day limitation was thereafter permanently tolled**. The district court had proper jurisdiction and Rodgers stated a claim upon which relief could be granted.

Id. at 1551-52 (emphasis added).[8]  Other circuit courts have recognized similar principles of law.

## 2. The First Circuit

In Casanova v. Dubois, 304 F.3d 75 (1st Cir. 2002), the Court of Appeals for the First Circuit identified the common thread that runs through most of these circuit court decisions. Writing for the court, Senior Circuit Judge Norman H. Stahl explained:

> The advance payment of a filing fee is generally not a jurisdictional prerequisite to a lawsuit. Rather, the fee requirement derives from two

---

[8]In Note 3 to that passage, Judge Henley remarked:

> > FN3. In Judkins v. Beech Aircraft Corp., 745 F.2d 1330, 1332 (11th Cir.1984), we recognized that the Supreme Court's decision in Baldwin County Welcome Center v. Brown, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), overruled that part of Wrenn holding that the filing of an EEOC right-to-sue letter with the court is sufficient to commence an action for purposes of the ninety-day statute of limitations contained in 42 U.S.C. § 2000e-5(f)(1). That portion of Wrenn relevant to this case, however, was not affected by Baldwin County.

Id. at 1552 n.3.

9

sources: federal statutes and the local rules. Section (a) of 28 U.S.C. § 1914 provides that district courts shall require a filing fee, and section (c) states that "[e]ach district court by rule or standing order may require advance payment of fees." Local Rule 4.5 for the District of Massachusetts permits the clerk to refuse to perform any services "for which a fee is lawfully prescribed" unless the fee has been paid.

Id. at 80 (footnote 7 included below).

Relying on Parissi and Wrenn, that court agreed that payment of a filing fee was not a requirement for filing a complaint. Judge Stahl wrote:

> See, e.g., Wrenn v. Am. Cast Iron Pipe Co., 575 F.2d 544, 547 (5th Cir.1978) ("[T]he district court mistakenly assumed that timely payment of a filing fee is a jurisdictional requisite. The Supreme Court has held, with respect to 28 U.S.C.A. § 1917, that untimely payment of a filing fee does not vitiate the validity of a notice of appeal. Parissi v. Telechron, Inc., 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955) (per curiam). We perceive no distinction between § 1917 and § 1914, which requires a filing fee for complaints, that would lead to a different conclusion here."), overruled on other grounds by Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

Id. at 80 n.7 (emphasis added).

### 3. The Third Circuit

Relying on Rodgers, Wrenn, and Parissi, the holding of the Court of Appeals for the Third Circuit in McDowell v. Delaware State Police, 88 F3d 188 (3rd Cir. 1996) almost mirrors that of the Eleventh Circuit in Rodgers. In McDowell the Plaintiff filed his complaint shortly before a two-year period was to run. When the filing fee did not accompany the complaint, the clerk of court refused the complaint. The Circuit Court reversed the district court's dismissal of the complaint. Writing for the Court, Circuit Judge Leonard I. Garth explained:

> We also agree with the district court's conclusion that remittance of a filing fee is not jurisdictional and that the clerk should have accepted McDowell's complaint despite his failure to submit a filing fee or request IFP status. Although a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint-as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed in forma pauperis. See **Rodgers ex rel. Jones v. Bowen**, 790 F.2d 1550, 1551-52 (11th Cir.1986) (holding that a complaint is deemed "filed" for statute of limitations purposes when actually or constructively received by

10

the court clerk-despite the untimely payment of the filing fee); **Wrenn v. American Cast Iron Pipe Co.**, 575 F.2d 544, 547 (5th Cir.1978) (holding that the untimely payment of the filing fee does not vitiate the validity of a timely filed complaint). Cf. also **Parissi v. Telechron, Inc.**, 349 U.S. 46, 47, 75 S.Ct. 577, 577, 99 L.Ed. 867 (1955) (per curiam) (untimely payment of a filing fee under 28 U.S.C. § 1917 does not vitiate the validity of a notice of appeal); Gould v. Members of New Jersey Div. of Water Policy & Supply, 555 F.2d 340, 341 (3d Cir.1977) ("It is thus clear that the filing fee requirement cannot operate to render untimely a notice of appeal that is timely received in the Clerk's office.").

Therefore, **once the filing fee requirement is satisfied (either through remittance of the filing fee or the district court's grant of the plaintiff's IFP application), the filing date will relate back to the date on which the clerk received plaintiff's papers.** In the present case, because the district court ultimately granted McDowell leave to proceed in forma pauperis, we conclude that McDowell's complaint was constructively and timely filed on October 25, 1993.

Id. at 191 (emphasis added).

### 4. The Fourth Circuit

Relying in part on Rodgers from the Eleventh Circuit, the opinion of the Fourth Circuit Court of Appeals in Robinson v. Yellow Freight Sys., 892 F.2d 74 (4th Cir. 1989) includes:

We think that in this context "[f]iling a complaint requires nothing more than delivery to a court officer authorized to receive it." 4 C. Wright and A. Miller, Federal Practice and Procedure § 1052, p. 165. See also Toliver v. County of Sullivan, 841 F.2d 41, 42 (2d Cir.1988); Martin v. Demma, 831 F.2d 69, 71 (5th Cir.1987); Rodgers on Behalf of Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir.1986); Robinson v. Waterman S.S. Co., 7 F.R.D. 51, 54 (D.N.J.1947). Therefore, Robinson's complaint was filed on June 16 and prior to the expiration of the limitations period.

Id. at *2.

### 5. The Fifth Circuit

Wrenn v. American Cast Iron Pipe Co., 575 F.2d 544 (5th Cir.1978) from the Fifth Circuit Court of Appeals is, of course, the basis of the Eleventh Circuit's Rodgers decision.  It is so strong, some of the language quoted above from Rodgers bears

Case 11-00018-TOM    Doc 28    Filed 09/26/11    Entered 09/26/11 11:48:13    Desc Main
Document    Page 11 of 27

repeating. Writing for the Fifth Circuit, Circuit Judge Paul H. Roney, who would later become one of the original judges of the Eleventh Circuit, explained:

> the district court mistakenly assumed that timely payment of a filing fee is a jurisdictional requisite. The Supreme Court has held, with respect to 28 U.S.C.A. § 1917, that untimely payment of a filing fee does not vitiate the validity of a notice of appeal. Parissi v. Telechron, Inc., 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 46 (1955) (per curiam). We perceive no distinction between § 1917 and § 1914, which requires a filing fee for complaints, that would lead to a different conclusion here.

Id. at 547 (emphasis added).

### 6. The Sixth Circuit

Relying in part on Parissi, the Sixth Circuit agreed in Searcy v. City of Dayton, 38 F.3d 282 (6th Cir. 1994). Writing for the court, Circuit Judge Herbert Ted Milburn explained:

> "Where a notice of appeal is physically placed in the hands of the clerk's office within the prescribed time limit for filing, but the fee is not paid and filing does not take place until the limit expires, the notice may be treated as timely." Gee v. Tenneco, Inc., 615 F.2d 857, 859 (9th Cir.1980); see also Parissi v. Telechron, Inc., 349 U.S. 46, 46-47, 75 S.Ct. 577, 577, 99 L.Ed. 867 (1955) (per curiam).

Id. at 288.

### 7. The Seventh Circuit

Relying in part on the Third Circuit decision in McDowell, in Bahler v. Lopez, 231 Fed.Appx. 500 (7th Cir. 2007), the Court of Appeals for the Seventh Circuit specifically addressed the tolling question. The opinion there includes:

> The statute of limitations is tolled, however, when the complaint is filed, i.e., received by the court. See Robinson v. Doe, 272 F.3d 921, 922-23 (7th Cir.2001). Tolling occurs regardless of whether the complaint is initially accompanied by a filing fee or petition to proceed in forma pauperis, even if a local rule requires one or the other to be included. Id. (holding that Fed.R.Civ.P. 5(e) requires a clerk to accept a paper for filing even if it does not comply with the local rules or is not in proper form). See also McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir.1996) (holding that plaintiff's complaint was "constructively filed" on date received by court, even though it did not include filing fee or petition to proceed in forma pauperis, and petition was not filed for fourteen months).

12

Id. at *2 (emphasis added).

## 8.  The Eighth Circuit

Also relying in part on Parissi, in an appeal from the decision of a bankruptcy referee, the Court of Appeals for the Eighth Circuit recognized in Thorndal v. Smith, Wild, Beebe and Cades, 339 F.2d 676 (8th Cir. 1965) that the failure to pay a filing fee was no reason to dismiss a case. Writing for the court, Circuit Judge Martin Donald Van Oosterhout explained:

> we find the reasoning of the Supreme Court in Parissi v. Telechron, Inc., 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867, persuasive and controlling upon the statutory interpretation problem here confronting us. Parissi involves the validity of a timely appeal from a District Court judgment where a filing fee imposed by separate statute had not been paid. The Supreme Court found that the time for appeal was governed by 28 U.S.C.A. § 2107 which made no provision for payment of fees. A separate statute, 28 U.S.C.A. § 1917, provided for the payment of a filing fee of $5 to the Clerk of the District Court upon filing notice of appeal. The Court held the failure to pay the filing fee did not impair the validity of the appeal, stating, 'We think that the Clerk's receipt of the notice of appeal within the 30-day period satisfied the requirements of § 2107, and that untimely payment of the § 1917 fee did not vitiate the validity of petitioner's notice of appeal.' 349 U.S. 46, 47, 75 S.Ct. 577.
>
> Here as in Parissi, the statute fixing the time for appeal contains no provision or condition with respect to payment of fees. In Parissi, the filing fee requirement is found in a separate federal statute. Here the filing fee provision is found in local court rules. It is obvious that local court rules cannot enlarge statutory jurisdictional requirements. Hence, in our view a firmer basis here exists for supporting jurisdiction than was present in Parissi.

Id. at 678-79 (emphasis added).[9]

## 9.  The Ninth Circuit

Like so many other courts, the Court of Appeals for the Ninth Circuit recognized in Baker v. La Cumbre Management Co., Inc., 9 Fed.Appx. 752 (9th Cir. 2001) that a filing fee requirement is not jurisdictional.  The memorandum there includes:

---

[9] Interestingly, as far back as 1965, the issue of a local rule's impact on the issue of payment of filing fees was present.  This is a very important point and needs to be remembered as that specific issue is discussed later in this opinion.

13

A complaint is considered filed when it is placed in possession of the clerk of the court. Cintron v. Union Pac. R.R. Co., 813 F.2d 917, 920 (9th Cir.1987). The filing fee prescribed by 28 U.S.C. § 1914 is not a jurisdictional requirement. See id. Thus, because Baker timely submitted his complaint, the district court erred by dismissing on statute of limitation grounds.

Id. at *1.

## 10. The Tenth Circuit

Also relying on Parissi, the Court of Appeals for the Tenth Circuit recognized in Daly v. U.S., 109 Fed.Appx. 210 (10th Cir. 2004) that payment of a filing fee after filing does not cause the filing to be untimely. Writing for the court, Circuit Judge Stephanie K. Seymour explained:

We first address the jurisdictional questions implicated by this case's convoluted procedural background. Within ten days of the district court's entry of the judgment dismissing his complaint, Mr. Daly filed in this court a document the clerk construed as a misdirected notice of appeal.  This filing conferred jurisdiction on the appellate court, despite Mr. Daly's failure to pay the appellate filing fee. See Fed. R.App. P. 3(a)(1),(2), 4(b)(1)(A)(i), 4(d); see also Wisniewski v. Dir., Office of Workers' Comp. Programs, 929 F.2d 952, 955 (3d Cir.1991) ("[t]he payment of filing and docketing fees is not a jurisdictional requirement of Rule 3," citing Parissi v. Telechron, Inc., 349 U.S. 46, 47, 75 S.Ct. 577, 99 L.Ed. 867 (1955) (per curiam) (payment of filing fee beyond period for filing notice of appeal does not render appeal untimely)).

Id. at *2 (emphasis added).[10]

## 11. Golden Flake Disagrees

Golden Flake disagrees and contends that certain federal provisions require payment of a filing fee at the time a complaint is filed.  In its Amendment to Its Motion to Dismiss Golden Flake writes:

---

[10] The Sixth, Seventh, and Tenth Circuits distinguish situations where a civil rights plaintiff's in forma pauperis application is denied and the plaintiff does not then promptly pay the filing fee after that denial.  See Truitt v. County of Wayne, 148 F.3d 644 (6th Cir 1998); Williams-Guice v. Board of Educ., 45 F.3d 161(7th Cir.1995); and Jarrett v. U.S. Sprint Communications Co., 22 F.3d 256 (10th Cir.1994).  In those situations, those Circuit Courts have held something to the effect, "it is proper for a district court to deem a complaint 'filed' only when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court."  Truitt at 648.  United Refrigeration cites Truitt in support of its arguments.

14

By this Amended Motion, Defendant seeks an order of the Court dismissing the Plaintiff's Complaint pursuant to Rule 3 of the Federal Rules of Civil Procedure, 11 U.S.C. § 506 (a)(1), and 28 U.S.C. § 1914 for failure to file the Complaint within the applicable statute of limitations.

*****

The Federal Rules of Civil Procedure could not be more clear that a plaintiff initiates a civil action by filing a complaint and paying a filing fee. Rule 3 states that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

Moreover, 28 U.S.C. § 1914(a) expressly states: "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $ 350, except that on application for a writ of habeas corpus the filing fee shall be $ 5." 28 U.S.C. § 1914(a).

<u>Golden Flake Snack Foods, Inc.'s Amendment to Its Motion to Dismiss</u>, Docket No. 16 at 1-2.

From those provisions, Golden Flake concludes that a filing fee is required at the time a complaint is filed. Each provisions is discussed below.

### a. Rule 3

Rule 3 of the Federal Rules of Federal Procedure reads, "A civil action is commenced by filing a complaint with the court." Fed.R.Civ.Pro. 3.

In regard to Rule 3's impact on whether a filing fee must accompany a complaint, this Court agrees with the common sense interpretation offered by <u>Cornett v. Weisenburger</u>, 454 F.Supp.2d 544 (W.D. Va. 2006) regarding not only Rule 3, but all Federal Rules. It reads:

Federal Rule of Civil Procedure 3 states that "a civil action is commenced by filing a complaint with the court." However, the Advisory Committee Notes to Rule 3 indicate that Rule 5(e) defines what constitutes "filing." **There is no statement in the Federal Rules that requires a fee to be paid before a complaint can be considered filed**. However, the Federal Rules do provide an extensive framework of filing procedures that must be used, as well as procedures that may be allowed by inferior local rules.

<u>Id</u>. at 548 (emphasis added).

15

### b. Section 506

Section 506(a)(1) of the Bankruptcy Code reads:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C.A. § 506(a)(1).

This Court cannot find anything in this provision that requires advance payment of a filing fee, or what would be the consequences if one is not paid in advance.

### c. Section 1914

Section 1914 reads:

(a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.

(b) The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.

(c) Each district court by rule or standing order may require advance payment of fees.

28 U.S.C.A. § 1914.

Section 1914 is an interesting section and has been analyzed extensively by many courts. The analyses most relevant to the instant matter are of course those from United States Supreme Court, the Eleventh Circuit, and the Fifth Circuit. As quoted above, the opinion in Rodgers includes:

The Secretary argues that a complaint is not "filed" until the filing fee required by **28 U.S.C. § 1914** has been paid. <u>We cannot agree</u>. This circuit and others have long recognized that local rules should not be

16

elevated to the status of jurisdictional requirements. See <u>Brown v. City of Meridian</u>, 356 F.2d 602, 606 (5th Cir.1966); <u>Woodham v. American Cystoscope Co.</u>, 335 F.2d 551, 557 (5th Cir.1964). FN2 See also <u>Lyons</u>, at 412; <u>Loya</u>, 721 F.2d at 280-81. **While § 1914 is not merely a local rule, we expressly rejected the theory that timely payment of a filing fee is a jurisdictional requirement in <u>Wrenn v. American Cast Iron Pipe Co.</u>, 575 F.2d 544 (5th Cir.1978).**

<u>Id</u>. at 1552 (emphasis added).

In reaching that conclusion, the Eleventh Circuit relied on the Fifth Circuit decision in <u>Wrenn v. American Cast Iron Pipe Co.</u>, 575 F.2d 544 (5th Cir.1978), which was based on the Supreme Court decision in <u>Parissi v. Telechron, Inc.</u>, 349 U.S. 46 (1955). Quoting from <u>Wrenn</u>, the Court in <u>Rodgers</u> explained:

The Supreme Court has held, with respect to 28 U.S.C.A. § 1917, that untimely payment of a filing fee does not vitiate the validity of a notice of appeal. <u>Parissi v. Telechron, Inc.</u>, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 46 (1955) (per curiam). <u>We perceive no distinction between § 1917 and **§ 1914,** which requires a filing fee for complaints, that would lead to a different conclusion here</u>.

<u>Id</u>. at 1552 (emphasis added).[11]

## 12. Conclusion to Golden Flake's First Argument

Based on the above, this Court finds, under the law in this, and many other Circuits, that the instant complaint was filed for statute of limitations purposes when it was docketed in this Court's electronic case filing system, regardless of the untimely payment of the required filing fee.

## B. Golden Flake's Second Argument:

## Even If the Statute of Limitations Was Tolled When the Complaint Was Filed, the Case Should Be Dismissed Because of the Plaintiff's Delay in Paying the Filing Fee

Golden Flake argues that the Plaintiff's delay in paying its filing fees was so egregious and prejudicial that the complaint against it, as well as over 120 others filed

---

[11] Section 1914's local rule provision is discussed below.

17

without filing fees, should be dismissed.[12]  Golden Flake's position begs the question:

---

[12] It is under this second argument that Golden Flake suggests that an evidentiary hearing should be held to determine the reasons for the Plaintiff's delay and that the undersigned or other Court personnel may be witnesses at such a hearing.  In addition, Golden Flake suggests that if the undersigned will be a witness, another judge should conduct that hearing.

Recusal in this context would be necessary only if the judge involved is, "likely to be a material witness....." 28 U.S.C. § 455(b)(5)(iv).  In this Court's opinion, as this memorandum opinion demonstrates, it is highly unlikely that this judge will be a material witness because such a hearing would not be necessary.  The law in this Circuit is quite clear.  First, when the complaint is filed, the statute of limitations was tolled.  And as quoted from Rodgers above, when the statute was tolled, it was tolled permanently. As such, a hearing on why the Plaintiff delayed in paying the filing fee is not necessary.  Therefore, the undersigned would not be a witness, "material" or otherwise.

On the other hand, if this Court's holding herein does not resolve all issues and moot the question of why the defendant delayed paying the filing fee, the standard another court would apply in deciding whether the complaint should be dismissed is quite clear.  It reads:

> dismissal is warranted only upon a "clear record of delay or willful contempt *and* a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.1985) (emphasis supplied); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir.1983); Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir.1980). FN1 Although we occasionally have found implicit in an order the conclusion that "lesser sanctions would not suffice" (see Goforth, 766 F.2d at 1535), we have never suggested that the district court need not make that finding, which is essential before a party can be penalized for his attorney's misconduct. Hildebrand, 622 F.2d at 181. See Cohen v. Carnival Cruise Lines, Inc., 782 F.2d 923, 925 (11th Cir.1986) (trial court abused discretion by ordering dismissal without considering lesser sanctions); Carter v. United States, 780 F.2d 925, 928 (11th Cir.1986) (same; dicta ); also, **[Rodgers on behalf of] Jones v. Bowen, 790 F.2d 1550, 1553 (11th Cir.1986)** (cause remanded). In Goforth, any order other than dismissal would have "greatly prejudiced" the defendants. Id., 766 F.2d at 1535; compare Jones v. Graham, 709 F.2d at 1461-62 (district judge found that great prejudice to defendants could only be cured by dismissal).

Mingo v. Sugar Cane Growers Co-op. of Florida,864 F.2d 101, 102 (11th Cir. 1989) (parenthetical added) (italics in original, other emphasis added).  See also Goforth v. Owens, 766 F.2d 1533 (11th Cir.1985) which includes:

> A district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule. Fed.R.Civ.P. 41(b). The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits. Link v. Wabash

18

If the Court is to determine whether the Plaintiff was late in paying his filing fees, within what official time frame was the Plaintiff required to pay those fees?

Golden Flake's second argument, like its first, is based on the premise that there is a statute, rule, or regulation that requires a plaintiff filing a complaint to pay a required fee when a complaint is filed or at least within a certain time after the complaint is filed.

As discussed above, Golden Flake relies on Rule 3 of the Federal Rules of Civil Procedure, Section 506 of the Bankruptcy Code, 11 U.S.C. § 506, and Section 1914 of Title 28 of the United States Code, 28 U.S.C. § 1914, to establish a time frame that the Plaintiff allegedly missed. On that basis, Golden Flake argues that when the Plaintiff did not pay the fee based on those provisions, even if the statute of limitations was tolled when the complaint was filed, because the Plaintiff did not pay the fee within a "reasonable time," the case should be dismissed.

Like Golden Flake's first argument, this second argument was also made in Rodgers. And like Golden Flake's first argument, the Court of Appeals for the Eleventh Circuit rejected this one as well. Relying on what appears to be common sense, writing for the Court in Rodgers Senior Circuit Judge Henley explains:

> The Secretary next contends that Rodgers' payment of her filing fee was untimely and constituted delay. We disagree. **We can find no time limitation placed on Rodgers for paying her filing fee**. Such a limitation could have been placed on her by the district court pursuant to

--------

> Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir.1983). The legal standard to be applied under Rule 41(b) is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Id.; Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir.1980). Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances. Jones v. Graham, 709 F.2d at 1458. The task of the reviewing court is to determine whether the trial court, in exercising its authority to dismiss, abused its discretion. Id.

Id. at 1335 (emphasis added).

As the case record shows, the Court told the Plaintiff on February 10, 2011, that the filing fees were due, and if not paid, the complaint would be set for dismissal. If the fees had not been paid, this Court could have forced the Plaintiff to pay the fee or cause him to suffer the consequence of dismissal. In contrast, the fee was paid before either action was necessary. None of the filed complaints were processed until after the fee was paid. No pretrial hearings or status conferences were held until after the fees were paid. And none of the defendants were required to participate in any proceeding until they filed their own motions to dismiss. Consequently, no one was prejudiced or hurt by the Plaintiff's delay.

19

local rule 4.07 of the United States District Court for the Middle District of Florida. This was not done.

Id. at 1553 (emphasis added).

Consequently, as the discussion of Rule 3, section 506, and section 1914 above demonstrates, there was no time limitation placed on this Plaintiff either. Therefore the result is the same. If there is no time limit, payment after the complaint is filed is not untimely and does not constitute delay. In combination with Rodgers' recognition that when the complaint was filed before the statute of limitations ran, "the... limitation was thereafter **permanently** tolled," id. and in light of how the court in Wrenn closed out any issue of delay when it decided that, "Since Rodgers commenced her action... the... [statute of limitations] was thereafter tolled, id. (parenthetical added), this Court must conclude that the issue of the Plaintiff's delay is not relevant.[13]

### B. Golden Flake's Third Argument:

**Even If Rodgers v. Bowen Is
the Controlling Law in this Circuit,
the Facts of Rodgers are So Distinguishable
From the Instant Case, Rodgers Should Not Apply**

This Court's opinion has thus far been based primarily on the United States Supreme Court case of Parissi and the Eleventh Circuit case of Rodgers. Golden Flake's third argument is that those cases are distinguishable and do not apply. That argument is made most forcefully in United Refrigeration, Inc.'s Memorandum of Law in Support of Golden Flake Snack Foods, Inc.'s Motion to Dismiss filed in support of Golden Flake's motion to dismiss on statute of limitation grounds.

United writes in that memorandum:

The Trustee cites to the case of Rodgers ex rel. Jones v. Bowen, 790 F2d 1550 (11th Cir. 1986) for the proposition that a complaint is filed for statute of limitations purposes when the pleading is in the actual or constructive possession of the clerk of the relevant court. However, as noted by the United States District Court for the Western District of Virginia, the United States Court of Appeals for the Eleventh Circuit in the Rodgers case did

---

[13] If the time of the delay is relevant, it is interesting to note that in McDowell v. Delaware State Police, 88 F3d 188 (3rd Cir. 1996) discussed above, the delay between the clerk's rejection of the plaintiff's complaint and the plaintiff's submission of an in forma pauperis application was about **fourteen months**. Similarly, in In re Heritage Organization, L.L.C., Adversary Proceeding No. 10-3357-BJH, 2011 WL 1793327 (Bankr. N.D. Tex. May 11, 2011) discussed below, the delay was about **six months**. The delay here was forty-seven days.

20

not address the issue of whether a local rule required the advance payment of the filing fee. <u>Cornett v. Weisenburg</u>, 2006 U.S. Dist. Lexis 43343 (W.D. Va. 2006) The <u>Rodgers</u> case is distinguishable from the instant case.

<u>United Refrigeration, Inc.'s Memorandum of Law in Support of Golden Flake Snack Foods, Inc.'s Motion to Dismiss Trustee's Complaint for the Avoidance and Recovery of Preferential Transfers of Property Pursuant to 11 U.S.C. § § 547 and 550</u>, Docket No. 24 at 4.

The Court disagrees with United's conclusions.

### 1. United's Reliance on <u>Cornett v. Weisenburg</u>

First, United's characterization of the <u>Cornett v. Weisenburg</u>, 2006 U.S. Dist. Lexis 43343 (W.D. Va. 2006) court as the "District Court for the Western District of Virginia" is technically correct, but as the document reported at that citation confirms, the "decision" relied on is actually a "Report and Recommendation" of a magistrate judge prepared <u>for</u> the district court.[14] As discussed below, when that report and recommendation was reviewed by the district judge for whom it was made, that judge rejected it.

### 2. The District Judge's Opinion in <u>Cornett v. Weisenburg</u>

Second, as stated above, when the district judge for the Western District of Virginia reviewed the magistrate's report relied on by United, that judge rejected it. <u>Cornett v. Weisenburger</u>, 454 F.Supp.2d 544 (W.D. Va. 2006). A quick review of the underlying facts explains how this occurred.

The facts in <u>Cornett</u> are similar to many in other cases cited herein. The plaintiff filed a complaint on the last day of a statute of limitations. The plaintiff did not pay the filing fee when the complaint was filed. The clerk of court returned the complaint. The statute of limitations ran. After the fee was paid, the clerk marked the complaint filed on the next day.

The magistrate judge framed the issue this way, "The issue before the court is whether Cornett's complaint was timely filed ..., when the complaint was received by the clerk's office but was not accompanied by the required filing fee." <u>Id</u>. at *2.

---

[14] The Westlaw cite is <u>Cornett v. Weisenburger</u>, Case No. 1:05 CV 00101, 2006 WL 1744203 (W.D. Va. Jun 26, 2006).

As Golden Flake and United point out, the magistrate judge in <u>Cornett</u> considered the impact of the local rule provision of section 1914. That consideration was significant when compared to the instant proceeding. Unlike the current case, the court in the Western District of Virginia had prior to <u>Cornett</u> entered an order requiring <u>advance payment of fees</u>. The magistrate judge's report explains that rule as follows:

> this court, by standing order entered February 2, 2004, authorized the Clerk to implement Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, ("Administrative Procedures"). These Administrative Procedures were implemented by the Clerk effective February 9, 2004. The Administrative Procedures state: "New cases are deemed filed the day the Clerk's Office receives the Complaint and any required filing fee." (Administrative Procedures at 6.) Thus, with the existence of this local rule, the court must now decide whether the timely payment of the required filing fee is a jurisdictional requirement.

<u>Id</u>. at *2.

With that rule as a basis, the magistrate judge entered these proposed findings of fact and recommendation:

PROPOSED FINDINGS OF FACT

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Title 28 U.S.C. § 1914(c) gives district courts the authority to require advance payment of fees by rule or standing order;

2. By Standing Order dated February 2, 2004, this court gave the Clerk the authority to implement Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means;

3. These Administrative Procedures state that new cases are "deemed filed" the day that the Clerk's Office receives the complaint and the required filing fee;

4. While the complaint in this case was received by the Clerk's Office on November 7, 2005, the required filing fee was not received until November 8, 2005;

5. Therefore, the complaint was not filed until November 8, 2005;

22

6. Virginia's two-year statute of limitations on personal injury claims is applicable to plaintiff's civil rights claim;

7. Plaintiff's complaint is based on an assault which he alleges occurred on November 7, 2003; and

8. The plaintiff did not file his complaint within the applicable limitations period.

RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court grant defendants' Motion, (Docket Item No. 9), and dismiss the plaintiff's claim.

Id. at *5-6.

The district court rejected that recommendation.  Relying on the Supreme Court decision in Parissi v. Telechron, Inc., 349 U.S. 46 (1955), as did many of the decisions cited above – especially those from the Eleventh and Fifth Circuits – the West Virginia District Court framed the issue as this, "The issue in the case before the court today is not whether a local rule applies to distinguish the Supreme Court's holding in Parissi and subsequent Fourth Circuit cases, but whether a judge retains the discretion exemplified by Parissi and expressly provided for in Federal Rules of Civil Procedure to depart from local rules in favor of the Federal Rules." Id. at 548 (footnote omitted).

Referring to the Supreme Court, Senior Judge Williams noted, "The Court further held that contrary cases, which had held that payment of a filing fee was a jurisdictional requirement, were overruled." Id. at 648 (footnote of Fourth Circuit cases omitted). He then decided:

I do not believe that a recent change in the local rules of this court, enacted based on the Federal Rules of Civil Procedure, should be used to dismiss a complaint that was duly filed in accordance with the Federal Rules. Furthermore, I am of the opinion that at no time should a local rule destroy the intention of the Federal Rules of Civil Procedure, which liberalize the use of the courts to settle disputes on the merits. See Holley Coal Co. v. Globe Indemnity Co., 186 F.2d 291, 295 (4th Cir.1950). Local rules should not be given the material stature that is given jurisdictional requirements, which if not followed exactly can prove fatal to a litigant's claim.

23

Id. at 648 (footnote omitted).[15]

After a thorough analysis of the magistrate judge's report and recommendation, Senior Judge Williams held that the plaintiff's complaint, filed without the filing fee, was timely and within the statute of limitations.[16]

### 3. **Rodgers** and **Cornett**

Finally, this Court disagrees with United's conclusion in its memorandum that, "the Eleventh Circuit in the Rodgers case did not address the issue of whether a local rule required the advance payment of the filing fee." Id. Based on the plain language from Rodgers, this Court believes Rodgers **did** address the issue of the relationship of the payment of filing fees and local rules. As quoted above, the opinion in Rodgers pronounced, "Such a limitation could have been placed on her by the district court pursuant to **local rule** 4.07 of the United States District Court for the Middle District of Florida. **This was not done**." Id. at 1553 (emphasis added).

Clearly, in making that statement the Eleventh Circuit considered the impact of a local rule on payment of filing fees. And clearly, in making that statement, the Eleventh Circuit considered that the choice to do so was that of the local court. In the instant case, contrary to Golden Flake's and United's arguments, this Court has not chosen to do so. There is no local rule or order in this Court requiring advance payment of fees.[17]

Again, United disagrees. It argues that under the local rules and orders of this Court, no filing is complete until a filing fee is paid. In its memorandum, United writes:

> Rule 5005-4 of the Local Rules of this Honorable Court provides, in relevant part, that "Documents filed with the Court must be filed through CM/ECF and consistent with the Administrative Procedures for Filing, Signing, Retaining and Verification of Pleadings and Papers in the Case

---

[15] As noted above, the Eleventh Circuit pronounced in Rodgers, "This circuit and others have long recognized that local rules should not be elevated to the status of jurisdictional requirements." Id.

[16] There is a third decision in Cornett, cited as Cornett v. Weisenburger, Case No. CIV.A. 1:05CV00101, 2007 WL 321399 (W.D.Va. Jan 31, 2007) which is a second order by Judge Williams. While it grew out of the same facts, its holding is not related to the instant issue. The issue there was whether the complaint should be dismissed as to some "John Doe" defendants.

[17] Again, as noted above, the Eleventh Circuit pronounced in Rodgers, "This circuit and others have long recognized that local rules should not be elevated to the status of jurisdictional requirements." Id. Consequently, even if there was a local rule requiring advance payment, it would not be elevated to a jurisdictional level.

24

Management / Electronic Case Filing (CM/ECF) System found on this Court's website at http://www.alnb.uscourts.gov/localforms.cfm." Administrative Order No. 04-1 is the pertinent Administrative Order of this Honorable Court governing Case Management and Electronic Case Filing (CM/ECF) Procedures. Per Section II.A.6. of the Procedures adopted pursuant to said Administrative Order No. 04-1, "Effecting an electronic filing, via the Internet, in accordance with the Administrative Procedures shall constitute entry of that filing on the docket kept by the Clerk of Court under FRBP 5003. ...." However, per Section II.D. of those same Procedures, a filing fee for any filing requiring a fee must be paid to the Clerk of the Court. Thus, an electronic "filing" by any party is not complete under the CM/ECF procedures of this Honorable Court until and unless any required filing fee is paid. United therefore respectfully submits that in any adversary action in which the Trustee failed to pay the required filing fee for his preference action complaints until after the deadline for filing such actions had passed renders those complaints filed by the Trustee untimely.

Id. at 4.[18]

United is correct that the above applies to filing matters before this Court, but United's conclusions are not correct. As stated above, there is no local rule or order in this Court requiring advance payment of fees. If this Court wanted to require advance payment of filing fees, it would not bury that requirement in procedures for electronic filings that would require litigants to find it.[19] If this Court wanted to require advance payment of filing fees, it would simply institute a policy requiring advance payment of fees. The State of Alabama offers the perfect example. Section 12-19-70 of the Code of Alabama 1975 reads:

(a) There shall be a consolidated civil filing fee, known as a docket fee, **collected from a plaintiff at the time a complaint is filed** in circuit court or in district court.

---

[18] Administrative Order 04-1 was abrogated on July 1, 2010, when the Court adopted new local rules. The material contained in Administrative Order 04-1 became the Administrative Procedures for Filing, Signing, Retaining and Verification of Pleadings and Papers in the Case Management / Electronic Case Filing (CM/ECF) System found on this Court's website at http://www.alnb.uscourts.gov/localforms.cfm. While those procedures include the material United quotes, the procedures do not include any reference to advance payment of filing fees.

[19] It should be noted that this Court's electronic filing system does not prevent a litigant from filing a complaint if the filing fee is not paid.

25

(b) The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship. A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court.

Ala.Code 1975 § 12-19-70 (emphasis added).

### 4. Conclusions to Golden Flake's and United's Third Argument

Based on the above, this Court concludes that  Rodgers, Wrenn, Parissi, and similar cases apply to the instant matters.

### VII.  Final Conclusions

The recent decision from Bankruptcy Judge Barbara J. Houser in In re Heritage Organization, L.L.C., Adversary Proceeding No. 10-3357-BJH, 2011 WL 1793327 (Bankr. N.D. Tex. May 11, 2011) places all of the above in the context of a bankruptcy case.  This decision is quite revealing as it is not only on point with the current case, but its pertinent facts are almost identical.

In Heritage the creditors' trustee in a confirmed Chapter 11 case filed an adversary proceeding but did not pay the filing fee.  One of the issues there, like here, was whether the "trustee" was required to pay the fee.  Another issue there, like here, was whether the trustee's failure to pay the fee had statute of limitations implications. Addressing those issues, Judge Houser wrote:

> a review of the three dockets in which this Complaint appears reveals that neither this Court, the district court, nor the Houston Bankruptcy Court has ever collected a filing fee for the filing of this adversary proceeding. 28 U.S.C. § 1930(b) provides that the "Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title. The Judicial Conference has done so in promulgating the "Bankruptcy Court Miscellaneous Fee Schedule." See Attachment to Memorandum of James C. Duff, Director of Administrative Office of the United States Courts, dated November 23, 2009 (available at http://jnet.ao.dcn/Memos/2009_ Archive/Dir9133.html). That schedule, at Item (6), provides that the Court is to charge for the filing of a complaint a fee of $250, except "[i]f the trustee or debtor-in-possession files the complaint, the fee must be paid only by the estate, to the extent there is an estate." Here, Dennis S. Faulkner was chapter 11 Trustee of the estate of Heritage. However, the Heritage Plan was confirmed and, as noted above, causes of action were transferred to a trust, created under the Plan. Faulkner has filed this Complaint not in his capacity as chapter 11

26

Trustee of the estate, as the estate has ceased to exist post-confirmation. Rather, the Complaint is filed in his capacity as "Trustee of the Heritage Creditors Trust." Complaint, ¶ 1. Therefore, the Court believes that a filing fee was required for the filing of the Complaint; yet, none has been paid. <u>Despite this deficiency, the Court believes that the Complaint was nonetheless timely filed within the applicable statute of limitations.</u> **Several courts have held that the payment of a filing fee is not jurisdictional, and the critical date by which to measure the timeliness of a complaint is its filing, and not the date on which a filing fee is paid.** <u>In re Watlington</u>, No. 99–12096C–7G, 2000 WL 33673798 (Bankr.M.D.N.C. May 3, 2000) (plaintiffs' delivery of complaint to the clerk constituted constructive filing of the complaint on that date notwithstanding its failure to be accompanied by a filing fee); <u>Security Pacific Fin'l Corp. v. Bade (In re Bade)</u>, 87 B.R. 78 (Bankr.D.Neb.1988) (finding complaint under 11 U.S.C. § 523 timely notwithstanding failure to pay filing fee within sixty days of the date first set for the meeting of creditors). Nevertheless, the Court will order that the Trustee pay the appropriate filing fee within fourteen days hereof or face dismissal of the Complaint.

<u>Id</u>. at *7 (emphasis added).

As explained above, the unqualified law in this, and many other Circuits, is that a statute of limitations is tolled if a complaint is filed before the statute runs even if a required filing fee is not paid until after the date on which the statute would have run. And in this Circuit, when that statute is tolled, it is tolled permanently. The single exception is where a court requires by rule or order that the filing fee must be paid at the time the complaint is filed. This Court has not chosen to do so.

A separate order will be entered in conformity with this memorandum opinion.

Dated: September 26, 2011      /s/Benjamin Cohen
                                              BENJAMIN COHEN
                                              United States Bankruptcy Judge

BC:pb

Case 11-00018-TOM   Doc 28   Filed 09/26/11   Entered 09/26/11 11:48:13   Desc Main
Document   Page 27 of 27